JANUARY TERM, 1882, No. 309.            MARCH 10TH, 1882.

## Roth *versus* Barner.

1. A. drew a note to the order of B., beginning, "We promise to pay," and
at the end C. wrote the words, "Credit the drawer" which he signed, and he then
indorsed the note.    Afterwards C., upon condition of obtaining a confession of
judgment from A., for a debt owed by the latter, made an absolute and uncon-
ditional promise to A. that he would pay the note to B.    *Held*, that B. could
recover against C. in a suit on the promise in her own name.

2. The confession of judgment, and the possible liability of C. for the note,
constituted a good consideration for the promise.

3. C. was not so far a stranger to the note that he was not pecuniarily inter-
ested in making provision for its payment.

Before SHARSWOOD, C. J.; MERCUR, GORDON, PAXSON, TRUN-
KEY, STERRETT, and GREEN, JJ.

Error to the Court of Common Pleas of *Lehigh County*.

Assumpsit by Elevina E. Barner against Jeremiah Roth,
to recover the amount of a certain promissory note for $200,
drawn by Solomon R. Kline to the order of the plaintiff, for
which it was alleged the defendant was liable.    The note
was in the following form :

"$200.                          SALISBURY, March 31st, 1877.
"One year after date we promise to pay to the order of Elevina E. Barner
two hundred dollars, with interest from date, without defalcation, for value
received.
                                  "SOLOMON R. KLINE.
    "Credit the drawer.
                                  "JEREMIAH ROTH."

On it were indorsed, "Jeremiah Roth," and "March 30th,
1878, paid interest on the within note, $12." "March 30th,
1878, paid on this note, $40."

The narr contained two counts.    The first set forth the
making of the note, and "by reason whereof, and by force
of the statute in such case made and provided, the said Solo-
mon R. Kline became chargeable to pay to the said Elevina
E. Barner the aforesaid sum of money, according to the tenor
of the same note;" and, being so chargeable, the aforesaid
Solomon R. Kline afterwards "promised the plaintiff to pay

it." The second count set forth that the said sum being unpaid, " it was then and there agreed that, in consideration that he, the said Solomon R. Kline, should then and there confess a judgment to the said Jeremiah Roth in the sum of seven thousand dollars, the said Jeremiah Roth would pay and satisfy the debt due and owing as aforesaid by Solomon R. Kline to the said Elevina E. Barner out of the proceeds realized by the said Jeremiah Roth on the judgment aforesaid, and the said Solomon R. Kline, to' wit, afterwards, on the said eleventh day of September, Anno Domini one thousand eight hundred and seventy-seven, in pursuance of the aforesaid certain discourse then and there had with Jeremiah Roth, then and there did confess, sign, seal and deliver unto the said Jeremiah Roth a judgment-note for the sum of five thousand dollars, under the agreement and with the consideration that the said Jeremiah Roth pay and satisfy the debt aforesaid due and owing by the said Solomon R. Kline to the said Elevina E. Barner, and the payment of which said debt the said Jeremiah Roth then and there upon himself did assume."

The plea was *non-assumpsit.*

At the trial in the Court below, before ALBRIGHT, P. J., Kline, for the plaintiff, testified that he had given Roth, the defendant, a mortgage; that he met him again a few weeks before the judgment for $5000 was signed, and continued: " I said I had given him the mortgage already, and that I also had some other debts; then he said that, if I would sign him this judgment, he would see that Mrs. Barner's note would be made all right." In a few weeks he saw Roth again.

" A. I said I would sign him another judgment if he would see that this note would get all right.

" Q. What did he say to that?

" A. He agreed to it.

" Q. Did you then give him a judgment?

" A. Yes, sir.

" Q. What did he say about the note in question ?

" A. He did not say anything further than that he said if I would give him another judgment he would be satisfied.

" Q. Did you give him a judgment then ?

" A. Yes, sir."

Upon cross-examination Kline testified that he owed Roth some money for cattle, and gave the judgment for part of what he owed him.

" Q. In this conversation you had with Mr. Roth, he told you he wanted a judgment ?

" A. Yes, sir.

[Roth *v*. Barner.]

"Q. You talked at that time about some debts that you had, did you not?

"A. Yes, sir.

"Q. And among the debts that you spoke of you spoke of Mrs. Barner's debt?

"A. Yes, sir.

"Q. What relation is Mrs. Barner to you?

"A. I am a cousin to her father.

"Q. Then, when you speak of these debts, it was said by Mr. Roth, that if you would give him a judgment for what you owed him, he would fix it with Mrs. Barner, if you could not pay it?

"A. Yes, sir.

"Q. And that was the way it was said?

"A. Yes, sir.

"Q. That is, that he would help you fix it if you could not?

"A. Yes, sir.

"Q. And that was said of the other small debts of yours?

"A. Yes, sir.

"Q. And that is the way in which it was said, just as I have asked you?

"A. Yes, sir.

"Q. And this conversation took place at the time the judgment was given?

"A. Yes, sir."

Roth denied that he had promised to pay or fix Mrs. Barner's paper, and said that the conversation was as follows:

"I just said I would try and help him fix up some of his papers, so that he would not get into trouble at the present time, and I fixed three or four of them."

Counsel for defendant presented, *inter alia*, the following points, all of which were negatived:

"Fourth. It having been shown by the plaintiff that Kline owed Roth more than the amount of the judgment, and that it was given to secure the debt of Roth, and there being no proof that Roth was to pay the claim of the plaintiff out of the proceeds, the verdict must be for the defendant.

"Fifth. No contract has been shown in this case that can be enforced by the plaintiff, and the verdict must be for the defendant.

"Sixth. The plaintiff cannot recover on the contract declared upon, because it is not averred that the consideration of the judgment was in part the debt of the plaintiff.

"Seventh. There is a fatal variance between the averments in this declaration and the proof, inasmuch as the contract

[Roth v. Barner.]

declared upon is that the defendant ' would pay and satisfy ' the debt of the plaintiff, while the proof of the plaintiff is that the contract was to pay the claim of the plaintiff, if Kline, the principal debtor, ' could not pay ;' consequently the verdict must be for the defendant.

" Eighth. Under all the evidence, the verdict must be for the defendant."

The Court charged the jury, *inter alia :*

" The plaintiff seeks to recover against Jeremiah Roth upon this ground : It appears that on September 11th, 1877, Solomon R. Kline signed and gave to Jeremiah Roth what is commonly called a judgment note. It is a promise to pay to Jeremiah Roth $5000, with a warrant of attorney authorizing confession of judgment, and upon that instrument judgment was entered in this Court; and [it is alleged by the plaintiff that, at the time this judgment was given, Jeremiah Roth promised and agreed to pay this debt, which Solomon R. Kline owed to Mrs. Barner, and that the judgment was signed by Mr. Kline, on condition that he promised to pay said debt, and that the promise and agreement of Roth to pay Mrs. Barner was the inducement to give the judgment. If that is proved, then I say to you that the plaintiff is entitled to recover], and if it is not proved, your verdict must be in favor of the defendant, notwithstanding the fact that Kline may owe Mrs. Barner, or that Roth's name appears upon the note, or that Roth may have said that he would pay Mrs. Barner.

\*       \*       \*       \*       \*       \*       \*

" The burden is upon the plaintiff, who makes this alle· gation, to establish it. If the plaintiff satisfies you from the evidence in the case, that, when the judgment was given, it was agreed between Solomon R. Kline and Jeremiah Roth that Roth would pay the debt of Mrs. Barner, it being the amount owing on this note in suit, and that the judgment was confessed on condition that Roth would pay this claim of Mrs. Barner, and if it is proved that there was a promise or undertaking by Roth to pay the debt of Kline, which he owed to Mrs. Barner, and that that promise or undertaking induced Kline to confess judgment, the plaintiff can recover in this suit. If the plaintiff has not satisfied you that such a contract was made, and that the judgment was given upon that condition, your verdict must be in favor of the defendant. And I say to you here that there must be an absolute promise on the part of Mr. Roth. If he merely said that he would pay the note of Mrs. Barner, in case Kline could not or would not, it would not be enough to hold him ; it would not be

[Roth *v.* Barner.]

such an undertaking as to bind Jeremiah Roth, and if you find that that was all that was said, your verdict must be in favor of the defendant.

"If, after considering the testimony of these two witnesses upon this important and principal point in the case, you find it is so equally balanced that you cannot say which you are to believe, whether there was a promise or not, the plaintiff has failed to make out his case, and your verdict must be in favor of the defendant. On the other hand, if you find that Kline owed the note to Mrs. Barner, which is really not in dispute, and if you find that, when the judgment was given, it was given on condition that Roth would pay this note to Mrs. Barner,—that he undertook and promised to pay it, and that Kline was induced by that promise to give the judgment,—you may find a verdict in favor of the plaintiff for the amount of the note, with interest, less the amount paid on account of it."

January 20th, 1882. Verdict for the plaintiff for $196.48, upon which judgment was afterward entered.

The defendant then took a writ of error, assigning as errors, *inter alia*, the answers to the above points and that part of the charge within brackets.

*Edward Harvey* and *Marcus C. L. Kline*, for plaintiff in error.

The plaintiff is a stranger to the consideration of the contract, and cannot maintain an action on it in her own name: Robertson *v.* Reed, 11 Wright, 115 ; Torrens *v.* Campbell, 24 P. F. Smith, 475 ; Kountz *v.* Holthouse, 4 Norris, 235 ; Justice *v.* Tallman, 5 Norris, 147 ; Wynn *v.* Wood, 10 W. N. C., 345 ; Malone *v.* Keener, 8 Wright, 107; Maule *v.* Bucknell, 14 Wright, 52; Shoemaker *v.* King, 4 Wright, 107 ; Miller *v.* Long, 9 Wright, 350 ; Townsend *v.* Long, 27 P. F. Smith, 143 ; Blymire *v.* Boistle, 6 Watts, 182.

There was no contract in fact shown between Kline and Roth, and certainly no such legal contract as will entitle the plaintiff to recover.

There is a variance between the allegations and the proof : Umbehocker *v.* Rassel, 2 Yeates, 339.

*Henninger and Dewalt*, for defendant in error.

The promise was by parol. Mrs. Barner was not a stranger to the consideration, for the defendant had signed and indorsed the note which she held. She was beneficially interested in the promise. It created a trust: Merriman *v.* Moore *et al.*, 7 W. N. C., 426; Hind *v.* Holdship, 2 Watts, 104 ; Beers *v.* Robinson, 9 Barr, 229 ; Vincent *v.* Watson, 6

Harris, 96 ; Bellas *v.* Fagely, 7 Harris, 273 ; Torrens *v.* Campbell, 24 P. F. Smith, 471 ; Townsend *v.* Long, 27 P. F. Smith, 143 ; Kountz *v.* Holthouse, 5 W. N. C., 463 ; Justice *v.* Tallman, 5 W. N. C., 90.

OCTOBER 2D, 1882.—The opinion of the Court was delivered by STERRETT, J.

The testimony, in relation to the parol agreement specially declared on, was somewhat conflicting, but, being clearly proper for the consideration of the jury, it was for them to say what the parties meant, what their contract was. After referring to the testimony, the learned judge said in.substance, if the jury was satisfied from the evidence that, when the judgment was given, it was agreed between Kline and Roth that the latter would pay the debt due to Mrs. Barner, that the promise or understanding of Roth to pay the debt induced Kline to give the judgment, and it was confessed on that condition, then the plaintiff might recover ; but, on the other hand, if the plaintiff failed to satisfy them that such was the contract and condition on which the judgment was given, their verdict must be for the defendant. He also instructed them that there must be an absolute promise on the part of Roth. "If he merely said he would pay the note, in case Kline could not or would not, it would not be enough to hold him." In view of the explicit instructions thus given, the jury must have found that the plaintiff in error, in consideration of obtaining the confession of judgment, promised absolutely and unconditionally to pay the balance due on the note, and that the judgment for $5000 was given by Kline on the faith of that promise. Any doubt that may have existed as to the essential features of the agreement was thus settled by the verdict. That there was a good consideration for the promise found by the jury can scarcely be doubted. The plaintiff in error, by obtaining the confession of judgment when he did, was placed in a better position than he occupied before. He acquired a lien on the real estate of his debtor, then in failing circumstances, which gave him an advantage over Mrs. Barner and other unsecured creditors. While he was thus benefited by the preference acquired, she was prejudiced to the extent that her chances for the security and ultimate collection of the note were impaired. Kline was not bound to prefer him to the exclusion of Mrs. Barner, or any of his other creditors, and if, for the purpose of protecting her, he gave the judgment on condition that plaintiff in error would pay her claim, coupled with an express promise to do so, it cannot be doubted there was sufficient consideration for the promise.

[Roth *v.* Barner.]

While the promise was not made to her, it was undoubtedly intended for her benefit. In Hird *v.* Holdship, 2 Watts, 104, it is said : " A consideration is sufficient, if it arise from any act of the plaintiff, from which the defendant or a stranger derives any benefit, however small, if such act is performed by the plaintiff, with the assent, express or implied, of the defendant ; or, by reason of any damage or any suspension or forbearance of the plaintiff's right at law or in equity ; or any possibility of loss occasioned to the plaintiff by the promise of another, although no actual benefit accrues to the party undertaking." It is not essential that the consideration should be adequate in point of actual value, for the reason that the law does not weigh the *quantum* of consideration. The presumption is that plaintiff in error could not have obtained a preference whereby Mrs. Barner's security would be lessened, if he had not assumed the payment of her claim. Again, it is worthy of notice that plaintiff in error is not merely an irregular indorser of the note described in the declaration, and which he specially promised to pay in consideration of obtaining the judgment. The note to the order of Mrs. Barner, reads: " One year after date, *we* promise to pay," etc. ; and is signed by both Kline and plaintiff in error ; by the former, in the usual place at the right, and by the latter on the left, under the words " Credit the drawer." The declaration is not against him as maker, but the manner in which the note is signed shows he is 'not a mere stranger to the debt he promised to pay. Moreover, the note could have been regularly negotiated by Mrs. Barner, and, in the hands of her indorsee, he might have been liable on his irregular indorsement. It cannot be said, therefore, that he was so far a stranger to the note, that he was not pecuniarily interested in making provision for its payment. These features of the case are sufficient to distinguish it from those that are mainly relied on by the plaintiff in error. From what has been said, it may safely be concluded that the parol promise declared on was founded on a good and sufficient consideration, and was made for the benefit of the defendant in error. If this be so, there appears to be no valid objection to her maintaining a suit in her own name.

The assignments of error are not sustained.

Judgment affirmed.