# Merchants National Bank of Bangor, Appellant, *v.* Raesly.

*Promissory notes—"Credit the drawer"—Parties—Endorsement.*

1. The words "credit the drawer" on a promissory note, signify that the note is for the maker's accommodation, and that the proceeds thereof are his, notwithstanding it is drawn payable to another.

2. Where on the face of a promissory note drawn payable to a bank and signed by a corporation with the names of its president and treasurer and their titles following the corporate signature, the treasurer writes his name on the face of the note under the words "credit the drawer," the treasurer is not personally liable either under the Act of May 16, 1901, P. L. 194, or otherwise, as an endorser.

Argued January 17, 1927. Before FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 50, January T., 1927, by plaintiff, from order of C. P. Northampton Co., April T., 1925, No. 110, refusing to take off nonsuit, in case of Merchants National Bank of Bangor v. Mary Ella Raesly et al., executors of will of George Raesly, deceased.  Affirmed.

Assumpsit on promissory note.  Before STOTZ, J.

The opinion of the Supreme Court state the facts.

Nonsuit; refusal to take off, by McKEEN, J.  Plaintiff appealed.

*Error assigned* was order, quoting record.

*J. W. Paff,* of *Smith & Paff,* for appellant.—An endorsement on a negotiable instrument does not necessarily have to be on the back of the note or instrument: Runyon v. Mulliken, 1 Phila. 208.

The position taken by the court below that the signature of George Raesly on the face of the note under the words "credit the drawer" was to direct to whom or

where the proceeds of the note were to be credited is doubtless true but this does not now and did not prior to the Act of 1901 relieve the party so signing of endorsement liability: Cozens v. Middleton, 118 Pa. 622; Temple v. Baker, 125 Pa. 634; Alldred's Est., 229 Pa. 627.

The words "credit the drawer" have never in any way qualified or limited the liability of the person signing under them, because in many of the earlier decisions a person so signing his name was treated as a maker drawing on his own account.

*Aaron Goldsmith,* with him *William Bray,* for appellee, cited: Temple v. Baker, 125 Pa. 634.

OPINION BY MR. JUSTICE WALLING, February 7, 1927:

On March 27, 1923, the Albion Bangor Slate Company made and delivered its promissory note to the plaintiff bank, in form as follows, viz:

"$2,500.                    Bangor, Pa., March 27, 1923.

"On demand after date, we promise to pay to the order of the Merchants National Bank, Bangor, Pa., twenty-five hundred dollars.

                "Albion Bangor Slate Co.
                        "Wm. Bray, Pres.
                        "George Raesly, Treas.

"At The Merchants National Bank, Bangor, Pa., Without defalcation, value received.

"Credit the drawer.

"George Raesly."

Endorsed: "William Bray."

The bank gave credit to the drawer for the face of the note and later, Raesly having died, brought this suit against his executors, on the contention that his name, written on the face of the note under the words "Credit the drawer," amounted to an endorsement under the Negotiable Instruments Law of May 16, 1901, P. L. 194. For the defense it was urged that the name so

written in connection with these words was merely explanatory of the nature of the instrument and imposed no personal liability. The trial judge, being of that opinion, granted a compulsory nonsuit, which the court in banc refused to take off; hence, this appeal by plaintiff. ·

In our opinion such refusal was right. The words "credit the drawer" are familiar in commercial and banking transactions and signify that the note is for the maker's accommodation and that the proceeds thereof are his, notwithstanding it is drawn payable to another. It appears on the face of the note that Raesly was treasurer for the drawer, and, the fact that he signed his name so as to indicate the nature of the paper and its actual owner, imposed no personal liability. The same question was before this court in Temple v. Baker, 125 Pa. 634, 3 L. R. A. 709, where the late Justice WILLIAMS, speaking for the court, in a carefully considered opinion, holds that "The words, 'credit the drawer,' imply no promise or undertaking on the part of him who uses them, but are a direction, to all persons to whom the note may be presented, to treat with the drawer as the owner, notwithstanding the apparent title of the endorsee." See also 7 Cyc. p. 806, note. Appellant, while not contesting the rule, contends it was changed by the Negotiable Instruments Law and cites section 64 thereof, inter alia, as follows: "Where a person, not otherwise a party to an instrument, places thereon his signature in blank before delivery, he is liable as endorser......" This must be read, however, in connection with section 63, which says: "A person placing his signature upon an instrument otherwise than as maker, drawer or acceptor, is deemed to be an endorser, unless he clearly indicates by appropriate words his intention to be found in some other capacity." In view of our decision in Temple v. Baker, supra, the words, "credit the drawer," above Raesly's signature, clearly are appropriate words to indicate his intention

to certify the character and ownership of the note and not to become an endorser. Furthermore, the president of the drawer, intending to become an endorser, signed his name on the back of the note; in view of which, it is highly probable that Raesly would have done likewise had he intended to assume personal liability. Of course an endorsement, while usually written on the back of a note, may be written upon its face.

Alldred's Estate (No. 1), 229 Pa. 627, cited for appellant, holds that one, not otherwise a party, who places his signature in blank on a promissory note before delivery is, under the Negotiable Instruments Law, liable as endorser. To like effect is Johnston v. Knipe, 260 Pa. 504; but neither decides the controlling question here involved. While in Roth v. Barner, 2 Penny. 214, recovery was based on defendant's express agreement to pay the note in suit and the effect of his name under the words "credit the drawer" was not passed upon.

The judgment is affirmed.