ADAM GRUBB, d. b. a., *v.* WILMINGTON FURNITURE COMPANY, a corporation of the State of Delaware, p. b. r.

(*June 15, 1934.*)

LAYTON, C. J., HARRINGTON and RICHARDS, J. J., sitting.

*William Satterthwaite* and *William H. Foulk* (of Satterthwaite and Foulk) for plaintiff.

*John B. Jester* for defendant.

Superior Court for New Castle County, No. 174, January Term, 1934.

HARRINGTON, J., delivering the opinion of the Court:

The declaration consists of one special count, to which a copy of the note sued on is attached, and of the common counts.

The special count, in substance, alleges that the defendant below appellant made the promissory note sued on, and thereby promised to pay to the order of himself, at the office of the Equitable Trust Company, Wilmington, Delaware, etc., three hundred and fifty ($350.00) Dollars; that he then and there endorsed and delivered the said promissory note to one Charles F. L. Hutchison, who then and there endorsed and delivered the same to the Wilmington Furniture Company, the plaintiff below respondent.

The sole question raised by the demurrer is whether the words "credit the drawer," appearing on the face of the note and above the signature of the maker, make the note sued on a non-negotiable note so that title does not pass by endorsement and delivery to the Wilmington Furniture Company, the plaintiff below respondent.

The following provisions of the Negotiable Instrument Act are pertinent:

"*Negotiable Promissory Note, Defined:*—A negotiable promissory note within the meaning of this Chapter is an unconditional promise in writing made by one person to another signed by the maker engaging to pay on demand, or at a fixed or determinable future time, a sum certain in money to order or to bearer. Where a note is drawn to the maker's own order, it is not complete until indorsed by him." *Revised Code* of 1915, § 2828.

"*Maker; Contract and Admissions Of:*—The maker of a negotiable instrument by making it engages that he will pay it according to its tenor, and admits the existence of the payee and his then capacity to endorse." *Revised Code* of 1915, § 2704.

"*Instrument is Negotiated, When:*—An instrument is negotiated when it is transferred from one person to another in such manner as to constitute the transferee the holder thereof. If payable to bearer it is negotiated by delivery; if payable to order it is negotiated by the indorsement of the holder completed by delivery." *Id.*, § 2674.

"*Payable to Order; When; How:*—The instrument is payable to order where it is drawn to the order of a specified person or to him or his order. It may be drawn payable to the order of: *   *   *

"(2) The drawer or maker." *Id.*, § 2652.

"*Holder; Suit By; Payment To:*—The holder of a negotiable instrument may sue thereon in his own name and payment to him in due course discharges the instrument." *Id.*, § 2695.

Measured by these statutory provisions, it is apparent from the declaration that the note sued on is a negotiable promissory note and that the plaintiff, as a subsequent endorsee and holder of such note, in due course has title thereto. It is made payable to the order of the maker, but an endorsement by him and delivery to Charles F. L. Hutchison, as well as the subsequent endorsement and delivery by Hutchison to the Wilmington Furniture Company, the plaintiff below respondent, is alleged.

There is nothing in the words themselves, or in the statutory provisions above quoted to indicate that the insertion of such words as "credit the drawer" in a promissory note will, in any way, affect the unconditional character of the promise of the maker to pay. Those words frequently appear in notes bearing accommodation endorsements, especially where such notes are intended to be discounted by the maker, but even then they merely indicate that he received the benefit of the note, and do not limit his promise to pay.

All of the cases cited by the attorney for the defendant below, the maker of the note (*Temple v. Baker*, 125 *Pa.* 634, 17 *A.* 516, 3 *L. R. A.* 709, 11 *Am. St. Rep.* 926; *Merchants' National Bank of Bangor v. Raesly*, 288 *Pa.* 374, 136 *A.* 238, 56 *A. L. R.* 230; *Steckel v. Steckel*, 28 *Pa.* 233; 2 *Words and Phrases, First Series*, 1713) involve restrictive endorsements, and, therefore, have no application to this case.

For these reasons, the demurrer is overruled.