Pender *v.* Cook (et al., Appellant).

Argued March 24, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

470

*J. J. Kintner,* with him *Robert C. Hoerle,* for appellant.—The parties to this action being accommodation parties, there was a failure of consideration and appellee is not entitled to recover: Piper v. Queeney, 282 Pa. 135; Peale v. Addicks, 174 Pa. 543; Murray v. Flesher, 88 Pa. Superior Ct. 592; Miners State Bank v. Auksztokalnis, 283 Pa. 28.

Appellant, being an accommodation maker of the original note and appellee the accommodation endorser, and the relation of the parties not having changed, then on failure of the accommodated party to pay, each should contribute his proportionate share: Steckel v. Steckel, 28 Pa. 233; First Nat. Bank of Bellefonte v. Rodgers, 198 Pa. 627; Shaeffer v. Clendenin, 100 Pa. 565.

The court was wrong in holding that the two witnesses rule, or one witness and corroborating circumstances, applied: Cridge's Est., 289 Pa. 331; Lackawanna Traction Co. v. Carlucci, 264 Pa. 226; Scranton Savings Bank v. Focht, 19 Pa. Dist. R. 687; Smith v. Muse, 25 Pa. C. C. R. 584; First Nat. Bank v. Baer, 277 Pa. 184.

*Frank P. Barnhart,* for appellee.—The evidence offered by defendant was insufficient to reform the writing: Thompson v. Schoch, 254 Pa. 585; Phillips v. Meily, 106 Pa. 536; Faux v. Fitler, 232 Pa. 33; Kline v. Fitzgerald Bros., 267 Pa. 468, 473; Dixon v. Minogue, 276 Pa. 562, 565; Brenard Mfg. Co. v. Kroker, 91 Pa.

Superior Ct. 254, 258; Odgen v. Traction Co., 202 Pa. 480; Hicks v. Harbison Walker Co., 212 Pa. 437, 441; Ahlborn v. Wolff, 118 Pa. 242.

The trial judge correctly charged as to the measure and burden of proof: Michael v. Stuber, 73 Pa. Superior Ct. 390; Ott v. Oyer, 106 Pa. 6; Thompson v. Schoch, 254 Pa. 585, 590; Miller's Est., 279 Pa. 30, 38; Pittsburgh-Texas Gas Co. v. Adams, 79 Pa. Superior Ct. 511, 517.

OPINION BY MR. JUSTICE KEPHART, May 27, 1930:

Stephens made a note of $10,000 payable to Pender; it was endorsed and the proceeds used for Cook's benefit. Both Stephens and Pender were admittedly accomodation parties for Cook. The note was not paid at maturity by Cook, and a new note was given directly to the bank by Pender, as maker; at the same time, Stephens, the maker of the first note, and Cook jointly gave to Pender a note in like amount. Pender was required to pay the second note because of Cook's bankruptcy, and sued Stephens and Cook on the third note. Stephens interposed the defense that there was a "failure of consideration" in the third note so far as his liability was concerned, and that as he and Pender were the accommodation parties on the first note they were cosureties or guarantors, each liable for one-half the amount thereof. The questions which arise in this case are: What is the order of liability on commercial paper, and may that order be changed or the ordinary legal status modified? If so, what must be shown to effect the change? And, finally, was there a change in this case?

In the case of ordinary commercial paper, parties in the regular course of business are liable to each other in succession as their names appear on the instrument, the maker being the principal debtor and the endorsers being severally liable in the order in which their names are written: Negotiable Instruments Act of May 16, 1901, P. L. 194, sections 60, 68; 8 C. J. 288; Allison v.

Purdy, 6 Pa. 501; Youngs v. Ball, 9 Watts 139; Chambers v. McLean, 24 Pa. Superior Ct. 567; Umstad v. McNamara, 59 Pa. Superior Ct. 598; Delaware County Trust Co. v. Haser, 199 Pa. 17, 25. And it is a general rule, followed by an overwhelming weight of authority, that the relationship between accommodation parties to a note is the same as that existing between parties to ordinary business paper. Thus, an accommodation maker is liable to an accommodation endorser, when both sign a note for the accommodation of a third person, unless a cosuretyship was expressly agreed upon: 8 C. J. 289. Their liability is that expressed by the paper itself, unless there is an express agreement to the contrary, and is successive and not joint; consequently they are not cosureties, and the doctrine of contribution does not obtain: Allison v. Purdy, supra; Wolf v. Hostetter, 182 Pa. 292; Russ v. Sadler, 197 Pa. 51. Of course where accommodating parties stand in the same degree or position on the note they are equally liable. Thus, in Steckel v. Steckel, 28 Pa. 233, where two payees endorsed for the accommodation of the maker, and one paid the note to the holder on maturity, the latter was entitled to recover one-half the money so paid from the other payee.

The natural relation between the parties, as evidenced by their position on the first note, was that Stephens was liable, as a principal debtor, to Pender, who was compelled to pay the note. This is fundamental. Appellant, in trying to show "failure of consideration," is confused in the application of the principles set forth in our cases. The decisions referred to are those wherein the accommodated party attempts to recover against the accommodating party, and have nothing to do with the rights of accommodating parties inter se and their position on commercial paper. Without any evidence to the contrary, Stephens was liable to Pender on the first note as maker,—a liability which matured when Pender paid the obligation,—and when the third note was given by

Stephens and Cook, the legal relation of the parties remained as under the original note. Stephens was ostensibly the principal debtor. There is no want of consideration (which is what appellant must intend by "failure of consideration") in this relationship. When an accommodation party goes on commercial paper, we may presume in the ordinary case that he relies, in part at least, upon the liability assumed by those whose names appear above his; and in changing his position because of this reliance, he suffers a real detriment. The natural order of the signatures as they appear on the instrument supports this presumption until the contrary is shown.

Stephens urges that, if consideration be present, then the liability was joint, each to pay one-half. This has the effect of modifying the ordinary liability as outlined above. Parol evidence to change, affect or lessen the legal liability occasioned by the manner in which names are placed on commercial paper can be considered only where fraud, accident or mistake is shown, and must be of the same quality and quantity as that which would reform a written instrument, that is, the evidence must be clear, precise and indubitable, established by two witnesses, or by one witness and corroborating circumstances. The rule which applies to the reformation of a contract or deed, applies with equal force to a change in liability as names appear on commercial paper. What appellant wishes to do is in effect to make one liable on a note who is not liable by its express words. We cannot conceive of a greater reformation in an instrument. The reasons for requiring strictness of proof, in parol evidence affecting liability on a written instrument, apply more forceably to commercial paper than possibly to any other document. Whether such evidence meets the required standard as to justify submission to the jury is a question for the trial court: Miller's Est., 279 Pa. 30, 38; Thompson v. Schoch, 254 Pa. 585, 589. The evidence submitted to reform the instrument was the

declarations of Mr. Stephens and a memorandum accompanying the signing of the last note, which appears in the reporter's notes; the jury, however, in deciding this question, found for Pender, who denied any understanding of joint liability.

The memorandum, properly read, does not vary the situation. So much as sets forth the execution and delivery of the note refers only to the obligation of the parties to the bank, and does not purport to control their relations inter se. Otherwise, the balance of it tends to sustain Pender's statement and the natural relation of the parties on the note. It is not enlightening. Whatever the parties may have understood, we must give effect to a rule of law which controls a vast volume of business done through commercial paper. It is of great importance that this be upheld. The paper did not change the order of liability on the note nor support such claim, but whether it did or did not, all the evidence was submitted by the trial judge to the jury in a charge which was quite fair to appellant; no serious complaint has been made as to it except as to certain legal positions,—in which the judge did not err.

Judgment affirmed.