349 F.2d 412
 The BOEING COMPANY, a Delaware Corporation.
v.
INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW, AFL-CIO), Local 1069, International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW, AFL-CIO), Appellants, and
American Arbitration Association, a New York Corporation.
 No. 15056.
 United States Court of Appeals Third Circuit.
 Argued April 6, 1965.
 Decided August 10, 1965.
 
 Alan R. Howe, Philadelphia, Pa. (Edward Davis, Philadelphia, Pa., on the brief), for appellants.
 Robert M. Landis, Philadelphia, Pa., Dechert, Price & Rhoads, Philadelphia, Pa., for appellee.
 Before GANEY and FREEDMAN, Circuit Judges, and KIRKPATRICK, District Judge.
 PER CURIAM.
 
 
 1
 This matter concerns itself with an action by an employer under Section 301 (a) of the Labor Management Relations Act of 1947, for a declaratory judgment seeking the court to determine whether or not the employer was obligated to arbitrate a dispute arising out of the employer's decision to terminate the distribution of Christmas turkeys to its employees. The defendant-union filed a counterclaim seeking to compel the employer to arbitrate the turkey matter and the case came before the court below on the defendant's motion for summary judgment.
 
 
 2
 Judge Grim, in the court below, after examining the arbitration clause and, in a clear and lucid opinion, held that the company was bound only to arbitrate grievances which involved "the interpretation or application of provisions of this agreement * * *" and that "Arbitration was limited to grievances involving a `specific provision of this agreement * * *.'" Further, the court pointed out that the exclusionary clause in the arbitration article stated that the "jurisdiction of the arbitrator shall be limited to * * * the interpretation and application of the specific provisions of this agreement at issue" and could only mean that it was intended to limit the scope of the arbitrable matter.
 
 
 3
 We are in agreement thereof and, accordingly, affirm the judgment of the court below.