**LOCAL UNION NO. 1987 OF the INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, affiliated with the AFL–CIO and Anthony J. Nocito, Business Manager, Plaintiffs,**

v.

**CONTROL PRODUCTS COMPANY, Inc., Defendant.**

Civ. A. No. 71–707.

United States District Court,
W. D. Pennsylvania.

Aug. 18, 1971.

---

Timothy P. O'Reilly, Pittsburgh, Pa., for plaintiffs.

Dougherty, Larrimer & Lee, Pittsburgh, Pa., for defendant.

## OPINION

GOURLEY, District Judge:

In this proceeding in which a preliminary injunction is sought for the purpose of compelling arbitration, jurisdiction exists pursuant to 28 U.S.C.A. § 1337 and 29 U.S.C.A. § 141 et seq. The Court has conducted a full and complete hearing.

■ Before discussing any facts pertinent to this proceeding, this Court desires to emphasize its awareness that the function of a court in matters of this nature is an extremely limited one. This Court has no right to consider the underlying merits involved, but is confined to determining whether or not the plaintiff is making a claim which on its face is governed by the contract. Deciding whether or not the claim is meritorious is not the function of this Court, since there may be some benefit in processing even frivolous claims for arbitration. United Steelworkers of America v. American Manufacturing Co., 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960). While there is congressional policy favoring the use of the grievance procedure, the Court nevertheless has the duty under § 301 of the Labor Management Relations Act to ascertain whether the reluctant party has in fact agreed to arbitrate the grievance. "An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." United Steelworkers of America v. Warrior & Gulf Navigation, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960).

The reluctant party here is the company which asserts that it has no duty to arbitrate a grievance relating to the wage scale contained in its present collective bargaining agreement. Its position is simply that the agreement is the full expression of the parties and that no negotiations leading up to the final contract need or should be adverted to. The company contends that the wage scale adopted was based on a classification of workers and was not a general wage increase of, for example, $.35/hour for the first year. The union contends that the increase was a general wage increase of $.35/hour for the first year. While this may not seem significant at first glance, it becomes important when it is realized that under the prior agreement, a "red circle" or floor rate existed for two specific employees who, under the old contract received a nickel an hour more than their fellow employees. Thus, if the wage scale adopted in the collective bargaining agreement was based on a classification of workers, the pay of these two employees would be equal to all other workers in their classification; but if the wage agreed to was a general wage increase, these workers would be entitled to maintain their nickel an hour advantage over other workers in their present job classification.

This forms the underlying basis of the present suit; however, under the decisions cited supra, it is precisely this issue which this Court cannot reach. The contract provides in effect that any dispute over the meaning and application of any aspect of the collective bargaining agreement, including wages, is subject to arbitration as the final step in the grievance procedure.

■ The considered judgment of this Court is that there is a duty to submit the present question confronting the parties here to arbitration. Certainly an employer has no duty to arbitrate issues which it has not agreed to so do. However, the collective bargaining agreement here does create the duty to arbitrate. John Wiley & Sons, Inc. v.

Livingston, 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964).

The collective bargaining agreement which is the subject of the present suit provides:

"ARTICLE X—GRIEVANCE PROCEDURE

1. Should differences arise between the Company and an employee as to the meaning and application of this Agreement, an earnest effort shall be made to settle such difference in the following manner, provided that a written grievance shall be filed with the immediate supervisor within five (5) working days of knowledge of when the grievance occurred:

FIRST * * *
SECOND * * *
THIRD * * *
FOURTH * * *

2. If the above method does not satisfactorily resolve the difference as to the meaning and application of the Agreement, the grievance as written shall, at the request of either party, be submitted to arbitration, provided that the intention of either party to arbitrate must be given in writing within ten (10) working days following the Fourth Step Meeting or the matter will be considered closed. * * * *"

■ In the absence of any express provision excluding a particular grievance from arbitration, only the most forceful evidence of a purpose to exclude a claim from arbitration can prevail. United Steelworkers of America v. Warrior & Gulf Navigation Co., *supra*. No such evidence which this Court can consider has been presented.

■■ The Court is aware of the legal thesis, consistent with national labor policy, that parol evidence is not admissible to alter, change, or modify the understanding of the union and the employer. See Gatliff Coal Co. v. Cox, 152 F.2d 52 (6th Cir. 1945); Lewis v. Lowry, 322 F.2d 453 (4th Cir. 1963); Lewis v. Mears, 297 F.2d 101 (3d Cir. 1962);

Lewis v. Owens, 338 F.2d 740 (6th Cir. 1964). The only exception which has been recognized as to the introduction of parol evidence allows a party to establish that the collective bargaining agreement was never consummated or never came into existence because a condition precedent never occurred. Lewis v. Mears, *supra*. A careful reading of the authorities which support the legal principles just discussed reveals that in no instance was there a question as to whether the matter in dispute would be a proper subject for arbitration.

Thus, while there is a most viable rule of law which precludes consideration of oral agreements in the interpretation of collective bargaining agreements so as to suppress industrial strife, there is a countervailing rule of law on the other side of the scale of justice which precludes a court from interpreting some aspect of a collective bargaining agreement where the parties have agreed to arbitrate their differences as to that aspect. This also reflects national labor policy in the sense that arbitration serves to minimize industrial strife and should be given full play where the parties have chosen it. United Steelworkers of America v. American Manufacturing Company, *supra*.

The contract here contains a no strike provision as well as a no lockout provision. The agreement to process grievances, as previously noted, includes an agreement to arbitrate all differences relating to the meaning and application of the agreement, when all prior steps in the grievance process have failed. In view of such a broad arbitration clause, only the most forceful evidence of a purpose to exclude a claim from arbitration can prevail against a demand for arbitrating the dispute. Acme Markets, Inc. v. Retail Clerks International Union, Local 1357, 235 F.Supp. 814 (E.D.Pa. 1964), affd. 344 F.2d 330 (3d Cir. 1965). Even though the assertion has been made here that the union is now seeking to arbitrate what it has voluntarily bargained away in negotiations, the claim is nevertheless arbitrable. Association of Westinghouse Salaried Employees v. Westinghouse Electric Corporation, 283 F.2d 93 (3d Cir. 1960).

If the parties had wished to limit the scope of arbitration and remove the pay scale from such consideration, they could validly have done so. Boeing Company v. International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, 349 F.2d 412 (3d Cir. 1965). See also Boeing Company v. International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, 370 F.2d 969 (3d Cir. 1967).

 In view of the foregoing, I must conclude that since a dispute exists between the parties as to the wage rates that certain employees should be paid under the collective bargaining agreement, the preliminary injunction is required to be granted and the parties directed to resort to arbitration.

Findings of fact and conclusions of law have not been separately stated, but are contained in the body of this opinion as authorized by F.R.Civ.P. 52(a).

An appropriate order is entered.