417 A.2d 664

**Laverne G. GITT, Executrix of the Estate of Charles M. Gitt, Deceased**

v.

**Richard E. MYERS and Jean Ann Myers, Appellants.**

Superior Court of Pennsylvania.

Argued June 26, 1979.

Filed Dec. 21, 1979.

312

Morrison Williams, York, for appellants.

Timothy Paul Ruth, York, for appellee.

Before WIEAND, ROBINSON, and LOUIK, JJ.*

ROBINSON, Judge:

This is an appeal from the refusal of the lower court to open a judgment by confession entered upon a promissory note containing a cognovit clause against the appellants, Richard E. Myers and Jean Ann Myers, his wife. The note, in the amount of $10,749.00, was executed and delivered by appellants to the appellee, Laverne G. Gitt, Executrix of the Estate of Charles M. Gitt, deceased, on May 16, 1973 in payment for 3,580 shares of the capital stock of Color Systems, Incorporated, which had been sold and delivered by the appellee to appellants on May 14, 1973. The note was payable in twenty-four (24) successive monthly installments of $50.00 each and a final installment of $9,549.00. Appellants made installment payments of $250.00, but defaulted on the other payments. Judgment was entered on the note on May 24, 1973.

■ In order to successfully petition to open a confessed judgment, a defendant must act promptly and aver a meritorious defense. *Wenger v. Ziegler*, 424 Pa. 268, 226 A.2d 653 (1967); *Greenwood v. Kadoich*, 239 Pa.Super. 372, 357 A.2d 604 (1976); *Cheltenham National Bank v. Snelling*, 230 Pa.Super. 498, 326 A.2d 557 (1974).

The lower court held that the appellants could not prove the defense alleged by parol evidence and refused to open the judgment. We agree and affirm.

The appellants allege that the transaction was a sale and purchase of the stock, except that it was agreed that the source of the payments was to be from funds received by Richard E. Myers from Color Systems, Inc. because that was the only way Myers could get money and if Color Systems,

* Judge Otto P. Robinson of the Court of Common Pleas of Lackawanna County, Pennsylvania, and Judge Maurice Louik of the Court of Common Pleas of Allegheny County, Pennsylvania, are sitting by designation.

Inc. failed the stock was to be transferred back to the Estate of Charles M. Gitt and all payments would cease. The appellants allege that under the agreement no more payments are due on the note, that the stock should be returned to the Gitt Estate, and that the judgment is not a lien on appellants' property except the stock. They contend that the note on which the judgment was entered has terminated and that the rights of the parties have ceased, except the right of Gitt's Estate to get the stock back. The answer denied the allegations of the petition that any such contract was made and alleges specifically that no such contract was even discussed or entered into, and that the only contract was the promissory note on which the judgment was entered. The petition to open does not state whether the alleged agreement relied on by the petitioners was oral or written but it is apparent from appellants' depositions that it was not in writing.

It is well settled in this Commonwealth that the parol evidence rule applies to the obligations set forth in a promissory note. See *Scott v. Bryn Mawr Arms*, 454 Pa. 304, 312 A.2d 592 (1973); *Dunn v. Orloff*, 420 Pa. 492, 218 A.2d 314 (1966); *United Refining Co. v. Jenkins*, 410 Pa. 126, 189 A.2d 574 (1963); *Speier v. Michelson*, 303 Pa. 66, 154 A. 127 (1931); *Manley v. Manley*, 238 Pa.Super. 296, 357 A.2d 641 (1976). The promissory note in this case is clear, comprehensive and complete on its face. What was stated of the note in *Speier v. Michelson*, supra, 303 Pa. 60, 72, 154 A. 127, 128, describes the note upon which judgment was entered here: The note in suit presents an unqualified promise to pay to a designated person, at a particular time, a given amount of money. The contract is absolute and complete on its face, and sufficiently comprehensive to embody the aim and object of the parties. They selected a negotiable note as the means best adapted to express their respective relations to each other. When they did this, they intended it to embrace all the essential features that enter into such writing, otherwise they would have resorted to a different form of instrument."

It is the contract expressed by the promissory note on which judgment was entered here that is the agreement of the parties. The limitation or enlargement of any of its provisions by an alleged oral agreement which varies, modifies, or destroys the terms of the instrument is prohibited by the parol evidence rule. *Second National Bank of Reading v. Yeager*, 268 Pa. 167, 111 A. 159. The landmark decision in Pennsylvania on the parol evidence rule is *Gianni v. Russell & Co.*, 281 Pa. 320, 126 A. 791 (1924) where the court said at 281 Pa. 323, 126 A. 792:

"Where the parties without any fraud or mistake, have deliberately put their engagements in writing, the law declares the writing to be not only the best, but the only evidence of their agreement. (citing cases). All preliminary negotiations, conversations, and verbal agreements are merged in and superseded by the subsequent written contract . . . . and unless fraud, accident, or mistake be averred, the writing constitutes the agreement between the parties and its terms cannot be added to nor subtracted from by parol evidence" (citing cases).

"The writing must be the entire contract between the parties if parol evidence is to be excluded and to determine whether it is or not the writing will be looked at and if it appears to be a contract complete within itself, couched in such terms as import a complete legal obligation without any uncertainty as to the object or extent of the engagement it is conclusively presumed that the whole engagement of the parties and the extent and manner of their undertaking, were reduced to writing." (citing cases)

■ The parol evidence rule, however, does not bar the introduction of clear, precise, and convincing evidence to show that the party who seeks to enforce the agreement as written according to its tenor admitted or acknowledged that the agreement as written did not express what the parties intended and that what the parties intended was omitted from the agreement by accident or mistake. *Dunn v. Orloff*, 420 Pa. 492, 218 A.2d 314 (1966); *Boyd Estate*, 394 Pa. 225, 146 A.2d 816 (1958).

■ But where there is no evidence of an admission or acknowledgement by the one enforcing the written contract that the oral agreement asserted by the defense had in fact been made or that the promissory note or other instrument in suit as written did not express the entire agreement of the parties at the time as to manner and time of payment parol evidence is not admissible to vary, modify or defeat the written agreement. *Scott v. Bryn Mawr Arms,* 454 Pa. 304, 312 A.2d 592 (1973).

■ Clearly, in order to vary, modify or otherwise change a written instrument by parol evidence, fraud, accident or mistake must be alleged and proven by clear, precise and convincing evidence or the one enforcing the written contract must have admitted or acknowledged that the oral agreement asserted had in fact been made and the written agreement did not express what the parties intended and what the parties intended was omitted from the agreement by accident or mistake.

Here, appellants have not alleged or proven fraud, accident, or mistake or an admission by appellee that the promissory note did not express the actual agreement intended by the parties. Hence, parol evidence is not admissible to vary, modify or change the promissory note in suit. It is the best and only evidence of the parties' agreement.

■ Appellants contend that the parol evidence rule does not apply since there was a condition precedent involved in that appellants were obliged to pay the note only with funds derived from Color Systems, Inc. Appellants cite *Corn Exchange National Bank & Trust Co. v. Burkhart,* 401 Pa. 535, 165 A.2d 612; *Local Union No. 1987 v. Control Products Co.,* 330 F.Supp. 250 (1971); *Stanger v. Epler,* 382 Pa. 411, 115 A.2d 197 (1955); *Smilow v. Dickinson,* 357 Pa. 455, 54 A.2d 883 (1947). The cases cited are not in point. *Corn Exchange Bank, Smilow* and *Local Union No. 1987* merely hold that the parol evidence rule is not applicable where the parol testimony is to the effect that the written contract was never consummated or did not come into existence

because a condition precedent to its existence as a contract never occurred. These cases clearly distinguish between parol evidence offered to vary or modify the terms of a written agreement, which is not admissible, and parol evidence offered to show there was not an agreement at all, which is admissible. In *Stanger*, the question was whether the deposit of funds by a donor into a joint bank account was an absolute or conditioned gift and the court held that parol evidence relating to the intention of the donor was not clear, precise and indubitable.

Here the contract was fully consummated by the sale and transfer of the stock and the execution and delivery of the note in payment. The note was absolute and complete in every respect. The plaintiff's oral version of the matter would vary and modify the terms and manner of payment expressed in the note. In *Gianni v. Russell & Co.*, supra, 281 Pa. 324, 126 A. 792, it is stated that: "In cases of this kind where the cause of action rests entirely on an alleged oral understanding concerning a subject which is dealt with in a written contract, it is presumed that the writing was intended to set forth the entire agreement as to that particular subject."

In *Scott v. Bryn Mawr Arms*, supra, 454 Pa. 304 at 308, 312 A.2d 593 at 594, the court stated: "Thus, for example, the rule has been applied to prevent the introduction of a contemporaneous agreement to show that payment of a promissory note was to be made from the proceeds of a particular fund or that payment would not be demanded until the happening of a specific event both of which are assertions made by appellee here." It is error in this Commonwealth, to admit in evidence a contemporaneous oral agreement that payment of a promissory note or other written obligation is to be made from the proceeds of a particular fund. *Scott v. Bryn Mawr Arms*, supra; *Dunn v. Orloff*, 420 Pa. 492, 218 A.2d 314 (1966); *United Refining Co. v. Jenkins*, 410 Pa. 126, 189 A.2d 574 (1963); *Rosenblum & Co. v. Rosenblum*, 313 Pa. 49, 169 A. 79 (1933); *Speier v. Michelson*, 303 Pa. 66, 154 A. 127.

■ Appellants contend that on October 23, 1974, after receipt of the notice that judgment had been entered against them on the note they made a timely rescission of the transaction under the Federal Truth in Lending Act of May 29, 1968, 15 U.S.C.A. § 1601, Public Law 90–321, as amended, Regulation Z. The lower court held that under § 1635 of the Truth in Lending Act, the matters of disclosure and rescission are obligations and restrictions of the "creditor". A "creditor" under § 1602 of the act is a "creditor" who regularly extends or arranges for the extension of credit. The transaction here was an isolated sale and the only purpose of the note in suit was to secure the payment of the purchase price of the stock. The appellee was not engaged in the business or practice of extending or arranging for the extension of credit. The court below correctly held that the act was not applicable to the transaction.

■ Appellants allege that in entering judgment by confession on the note appellee failed to follow the Pennsylvania Rules of Civil Procedure in that a complaint was not filed. Appellee denies that procedure was not followed and avers that the judgment is valid. This issue was not raised, briefed, or argued by the parties. We note that Pa.R.C.P. 2951 provides (a) that judgment by confession may be entered by the Prothonotary under the Act of February 24, 1806, 12 P.S. § 739 and (b) that an action not filed under the Act of 1806 shall be commenced by filing a complaint. Here the action was commenced under the Act of 1806 and required no complaint. Further, the remedy where a judgment is improperly entered is by a motion to strike off the judgment, not to open it. There is no merit to the contention.

■ On July 8, 1977, appellants sent a letter to the Honorable Joseph E. Erb stating that they discharged their counsel and wished to file new matter and make various arguments. The lower court found it difficult to gather the nature of the request but ordered the letter to be filed of record and held that it was not in proper form to require action by the court. In effect the letter was a request for

rehearing and reargument. It does not appear that specific appeal was taken to this order. Appellants now, through counsel, request this court to order a remand for further proceedings. This request is denied as we find no abuse of discretion by the lower court in disposing of the letter. Furthermore, although appellants obtained new counsel afterwards, they did not renew the request in proper form. There is no merit to this complaint.

█ Finally, appellants seek, through the Uniform Commercial Code, to avoid the parol evidence rule, which provides among other defenses, that an unfulfilled condition precedent is a defense to the payment of an otherwise valid negotiable instrument. U.C.C. 3—306(c) 12A P.S. 306(c). Appellants argue that the oral agreement was not offered for the purpose of contradicting or varying a written instrument, but to show the invalidity of the note. The bug in the reasoning is that the written promissory note is the agreement in this case, that it contains no reference to a condition precedent, and the parol evidence rule prohibits any change in the writing by parol evidence. U.C.C. 3—306(c) provides that a holder not in due course takes the instrument subject to (c) "the defenses of . . . performance of any condition precedent, non-delivery or delivery for a special purpose." As the note does not mention a condition precedent parol testimony thereof is not admissible. The rule of law in this Commonwealth is that the parol evidence rule applies to commercial paper.

In *Dauphin Deposit Trust Co. v. E. C. E. S. Co., Inc.*, 60 D & C 2d 610, President Judge Shugart, in a well reasoned opinion concerning U.C.C. 3—306(c) said, "Article III of the U.C.C. contains no provisions concerning the parol evidence rule. Therefore, the principles of law and equity as developed by our courts must determine the admissibility of Kelly's [defendant] evidence to the jury. U.C.C. 1—103, 12A P.S. § 1—103." The Uniform Commercial Code undoubtedly coexists with the parol evidence rule; it does not displace it nor the exception thereto for fraud, accident or mistake. When a promissory note is unconditional on its face, a

condition may not be added to it by parol evidence absent an admission of fraud, accident or mistake. See *Speier v. Michelson*, supra, 303 Pa. 66, 72, 154 A. 127, 128. In *Speier*, Justice Kephart stated, "The evidence to establish such agreement must be of the same quality as would be necessary to reform a written instrument; *Pender v. Cook*, 300 Pa. 468, 150 A. 892."

In *Dauphin Deposit Trust Co. v. E. C. E. S. Co., Inc.*, supra, page 619, the court said: "The principle, as it applies to negotiable instruments in cases between the parties, has been reaffirmed subsequent to the adoption of the U.C.C. in *Badler v. L. Gillarde Sons Co.*, 387 Pa. 266, 271, 127 A.2d 680, 683 (1956). It is evident, therefore, that any defense of failure of a condition precedent is subject to the parol evidence rule the same as that of any contemporaneous agreement which would vary the liability apparent upon the face of an instrument which is complete and has not been materially altered. In this case, it is also apparent that the rule of *Gianni v. Russel & Co.*, supra applies because the liability of the parties in regard to their respective signatures is a circumstance intrinsic to the instrument itself. Petitioner may prove the existence of a contemporaneous agreement which was fraudulently breached, but he must meet the standards of proof set forth by our courts before he can introduce such evidence."

It remains to note that in *Dunn v. Orloff*, supra, 420 Pa. 492, 218 A.2d 314, it was held that the issue of the parol evidence rule can be raised at the hearing to open the judgment and that the failure to do so precludes further resort to the issue prior to trial.

It is clear that appellants are precluded by the parol evidence rule from establishing a meritorious defense in support of their petition to open the judgment and that the lower court did not abuse its discretion in refusing to do so.

Order affirmed.

WIEAND, J., files a concurring statement.

This decision was reached prior to the death of ROBINSON, J.

WIEAND, Judge, concurring:

I agree that the defense offered by appellants is barred by the parol evidence rule and that the trial court, therefore, correctly denied the petition to open judgment. The remaining issues discussed in the opinion of Judge ROBINSON are not properly before this Court; and therefore, I should express no opinion concerning the same. Consequently, I concur only in the result.