587 A.2d 757

**FOUNTAIN HILL MILLWORK BUILDING SUPPLY COMPANY**

v.

**John H. BELZEL, and John Belzel, for Betty Jo M. Belzel, Appellants.**

Superior Court of Pennsylvania.

Argued Jan. 14, 1991.

Filed March 11, 1991.

554

Cregg E. Mayrosh, Hellertown, for appellants.

John R.K. Solt, Allentown, for appellee.

Before CIRILLO, TAMILIA and HESTER, JJ.

HESTER, Judge:

John and Betty Jo Belzel, appellants, appeal from the August 9, 1990 order of the Northampton County Court of Common Pleas denying their petition to open a confessed judgment. The sole issue raised on appeal is whether the trial court erred in ruling that the parol evidence offered by appellants was inadmissible to establish the discharge of a cognovit judgment note upon which appellee confessed judgment against appellants. We find error in the trial court's ruling and consequently, we reverse the order of the trial court and open the judgment.

On or about October 8, 1987, appellants signed a cognovit note in which they agreed to pay Fountain Hill Millwork Building Supply Company, appellee, the sum of $40,000 in ninety days. Appellants further agreed to permit appellee to confess judgment against them if they defaulted on their obligation under the agreement. Appellants executed the note in connection with a construction mortgage transaction involving First Lehigh Bank (hereinafter "bank") as lender, appellee as builder and mortgagee, and appellants as owners and mortgagors. The bank agreed to finance appellee's construction of appellants' home under a form of construction loan agreement which provides for a series of payments by the bank to the builder. However, the bank and appellee were uncertain that the mortgage funds obtained by appellants in connection with the underlying construction contract would be sufficient to cover the total cost of construction if extra costs not contained in the original plans arose. Consequently, the bank required appellants to establish an escrow account in the amount of $40,000 from appellants' own, unencumbered funds.

Appellants did not have the cash on hand, but expected to receive the money in the near future from an income tax refund and employee benefit payment. In lieu of the immediate posting of the additional cash escrow, appellee agreed to defer receipt of $40,000 of the construction mortgage step payment proceeds on the condition that appellants assign to appellee their interest in the two debts owed to them, which would total $40,000. Appellants also had to execute and deliver to appellee a cognovit note in the amount of $40,000 to guarantee payment of the sum assigned by appellants in case appellants did not receive the anticipated money. The cognovit note represented appellee's security that full payment on the basic construction contract would be made. However, the note did not reveal the existence of an oral agreement which appellants made with appellee at the time of the execution of the note. The agreement was that appellants would not be liable for the $40,000 and that appellants' mortgage and $40,000 cash escrow fund were sufficient to cover the total cost of construction.

Thereafter, in accordance with the oral agreement, appellants paid into the required escrow account approximately $32,000 and with the bank's consent, directly paid to a supplier approximately $8,000 for cabinets not included in the original construction contract. Appellee ultimately was paid $24,000 of the fund contained in the escrow account in addition to the mortgage loan proceeds from the bank. Despite receiving these sums, appellee confessed judgment against appellants on August 1, 1988, for the principal amount of $40,000 pursuant to the confessed judgment clause contained in the cognovit note. On August 5, 1988, appellants filed a petition to open judgment. They amended their petition on June 19, 1989, and on August 9, 1990, the trial court denied their request to open the judgment. This timely appeal followed.

Initially, as we reiterated in *Christie v. Open Pantry Food Marts*, 237 Pa.Super. 243, 245, 352 A.2d 165, 166 (1975), a petition to open a judgment by confession is an

appeal to the discretion of the trial court whose ruling may be reversed upon a showing of an abuse of that discretion. Furthermore, it is well-settled that a party seeking to open a judgment by confession must act promptly and allege a meritorious defense. *Fidelity Bank v. Act of America*, 258 Pa.Super. 261, 392 A.2d 784 (1978); *Kardos v. Morris*, 470 Pa. 337, 368 A.2d 657 (1977). Rule 2959(e) of the Pennsylvania Rules of Civil Procedure provides further that "in a proceeding to open a confessed judgment, if evidence is produced which in a jury trial would require the issues to be submitted to the jury, the court shall open the judgment." 42 Pa.C.S.A. § 2959(e).

■ The basis of appellants' argument in support of their petition to open was their compliance with the terms of the oral agreement with appellee. They argued that the cognovit note was no longer valid since the balance in the escrow account contained the agreed-upon sum of $40,000. They contended that their compliance with the oral agreement between the parties effectually discharged their obligation under the note. Appellee contended, and the trial court agreed, that the parol evidence rule barred the introduction of evidence that the parties had agreed at the time of the execution of the note that appellee would not enter judgment on the note if appellants' mortgage and escrow funds were sufficient to cover the construction costs. Upon review of the record and based upon the principles enunciated in the aforementioned cases, we conclude that the parol evidence rule has no application to the facts of this case.

In the landmark case of *Gianni v. Russell & Company*, 281 Pa. 320, 323, 126 A. 791, 792 (1924), the supreme court set forth Pennsylvania's version of the parol evidence rule as follows:

Where the parties without any fraud or mistake, have deliberately put their engagements in writing, the law declares the writing to be not only the best, but the only evidence of their agreement. All preliminary negotiations, conversations, and verbal agreements are merged in and superceded by the subsequent written contract ...

and unless fraud, accident, or mistake be averred, the writing constitutes the agreement between the parties and its terms cannot be added to nor subtracted from by parol evidence.

We cited *Gianni* in a more recent case, *Gitt v. Myers*, 273 Pa.Super. 310, 417 A.2d 664 (1979), in which we upheld the decision of the trial court refusing to allow the introduction of parol evidence to vary the terms of a promissory note. Appellee relies upon *Gitt* in support of its argument that parol evidence is inadmissible to alter the terms of a contemporaneous written agreement in the absence of fraud, accident, mistake or an admission by the opposing party. While we agree with appellee's interpretation in general, we find *Gitt* to be distinguishable from the facts of the case herein in that the note in *Gitt* was "absolute and complete on its face, and sufficiently comprehensive to embody the aim and object of the parties." *Id.*, 273 Pa.Super. at 314, 417 A.2d at 666.

In stark contrast to the comprehensive agreement in *Gitt,* the document upon which appellee herein confessed judgment against appellants is so attenuated that it does not even set forth the essentials of a simple contract. It contains no statement of obligation on the part of appellee in exchange for appellants' promise to pay the sum of $40,000 to appellee. It contains no explicit date upon which appellants' obligation matures.[1] Finally, the confessed judgment clause contained in the note is completely unrestricted in that it apparently authorizes the entry of a confessed judgment even in the absence of a default by appellants on their obligation on the note. Thus, the document which appellee claims to be the entire agreement between the parties is not the type of fully integrated agreement under which the parties in *Gitt* agreed to be bound. It is, in fact, a small slip of paper containing a standardized confession of judgment clause preceded by a single sentence in which appellants agreed to pay appellee

---

1. Although the document does specify that the note was to become due in ninety days, it does not identify a date when the ninety days was to commence.

the sum of $40,000 within ninety days of some unspecified date in exchange for no undertaking on the part of appellee. Under appellee's position, the note would have been operative and enforceable in the absence of any service performed by him. Such a writing, we are confident, does not approach the type of fully integrated contract envisioned by the supreme court when it restricted parties to the four corners of the document in resolving disputes over its contents.

When the supreme court enunciated the parol evidence rule in its landmark decision in *Gianni v. Russell & Co.*, *supra*, it limited application of the rule to writings which were determined to be the entire contract between the parties.

> The writing must be the entire contract between the parties if parol is to be excluded and to determine whether it is or not the writing will be looked at and if it appears to be a contract complete within itself, couched in such terms as import a complete legal obligation without any uncertainty as to the object or extent of the engagement it is conclusively presumed that the whole engagement of the parties and the extent and manner of their undertaking, were reduced to writing.

*Id.,* 281 Pa. at 323, 126 A. at 792. Similarly, we emphasized the comprehensive nature of the note before us in *Gitt v. Myers, supra,* when we affirmed the trial court's application of the parol evidence rule in refusing to open the judgment against the appellants therein. We stated that the promissory note in the case was "clear, comprehensive and complete on its face." *Id.,* 273 Pa.Super. at 314, 417 A.2d at 666. In a more recent case, *Murray v. University of Pennsylvania Hospital,* 340 Pa.Super. 401, 490 A.2d 839 (1985), we reversed the trial court and concluded that parol evidence of a prior oral agreement between the parties should have been admitted since the writing at issue clearly was not the entire agreement between the parties.

▪ Thus, it is clear that the parol evidence rule has no application to a writing which does not state fully the entire

agreement among the parties. We are convinced that the slip of paper purported to be the full agreement between the parties herein does not state fully the entire agreement between appellee and appellants. Moreover, we also are convinced that the writing in dispute does not constitute a valid contract. "In order to exclude parol evidence the writing must be a complete contract, importing a full legal obligation ..." *Rosenfeld v. Rosenfeld*, 390 Pa. 39, 49, 133 A.2d 829, 834 (1957). The writing herein sets forth no obligation on behalf of appellee in exchange for the payment of $40,000 by appellants. In other words, the note evidences a failure of consideration. Consequently, the parol evidence rule should not have been applied to exclude the evidence of a contemporaneous oral agreement between the parties.

We conclude that with the admission of the parol evidence of the oral agreement, appellants established sufficient evidence "which in a jury trial would require the issues to be submitted to a jury." *See* Pa.R.Civ.P. 2959(e). Therefore, the judgment must be opened. *See Christie v. Open Pantry Food Marts, supra.*

Even if we determined that the writing at issue constituted a valid and complete contract between the parties, parol evidence of the oral agreement still would have been admissible under an exception to the parol evidence rule. The parol evidence rule is not applicable where the parol testimony establishes that the written contract did not come into existence because a condition precedent to its existence as a contract never occurred. *See Gitt v. Myers, supra; Lewis v. Mears*, 297 F.2d 101 (3rd Cir.1962); *International Brotherhood of Electrical Workers v. Control Products Co.*, 330 F.Supp. 250 (W.D.Pa.1971). The parol testimony herein would have established that the note between the parties did not become operative due to appellants' deposit of the agreed sum into the escrow account established pursuant to the oral agreement. According to appellants' parol testimony, the obligation to pay under the note only became operative if the escrow funds were not

deposited and if appellee performed services and was not otherwise paid. Thus, even if the writing arguably were interpreted as a complete contract between the parties, the parol evidence rule would have been inapplicable.

Order reversed; judgment opened; and jurisdiction relinquished.