**NYSA–ILA MEDICAL AND CLINICAL SERVICES FUND, Plaintiff,**

v.

**CARCO, INC., Defendant.**

Civ. A. No. 84–2190.

United States District Court, D. New Jersey.

April 28, 1985.

Mark Rochkind, Caldwell, N.J., Kevin Marrinan, c/o Thomas W. Gleason, and Richard P. Lerner, Lambos, Flynn, Nyland & Giardino, New York City, for plaintiff.

Richard R. Ahsler, Horowitz, Bross, Sinins and Imperial, Newark, N.J., for defendant.

## OPINION

STERN, District Judge.

In this action NYSA–ILA Medical and Clinical Services Fund ("the Fund") charges that Carco, Inc. breached certain terms of a collective bargaining agreement and of an employee benefit plan, established under the Labor-Management Relations Act, 29 U.S.C. § 186. Specifically, the plaintiff contends that Carco has failed to make contributions to the Fund on behalf of its employees as required by the collective bargaining agreement. On its motion for summary judgment, plaintiff Fund seeks recovery of unpaid contributions, pursuant to 29 U.S.C. § 1132, as well as an injunction, interest, and attorney's fees. We now grant summary judgment in favor of plaintiff, having determined that defendant is precluded from proving prior oral understandings to vary the terms of

the agreement both by the parol evidence rule and by national labor policy. For the reasons following we also grant plaintiff's motion for attorney's fees and double interest under 29 U.S.C. § 1132(g). Finally, we decline to enter an injunction upon the oral representations from defendant's attorney at the hearing on March 25, 1985 that restraints are unnecessary to prevent future violations of the collective bargaining agreement.

## FACTS

Plaintiff is a joint labor-management trust fund established in accord with section 302 of the Labor-Management Relations ·Act, 29 U.S.C. § 186 (1976). The Fund was created by the New York Shipping Association-International Longshoreman's Association ("ILA"), AFL–CIO, collective bargaining agreements and an Agreement and Declaration of Trust and Plan in March 1961. It provides medical and clinical services to eligible longshoremen covered under collective bargaining agreements between the shipping association and the ILA and between other employers and affiliated locals of the ILA, including Local 1478–2. See Fier Aff. at ¶ 3. Defendant Carco, Inc. is a New Jersey corporation which services piers for automobiles and employs individuals who participate in the plaintiff Fund. See Answer at ¶ 4.

Defendant admits that on September 1, 1979 it entered into a collective bargaining agreement ("1979 Agreement") with Local 1478–2, ILA. See Answer at Counterclaim ¶ 1. Paragraph 16 of this 1979 Agreement required Carco to "contribute for all hours worked, also holidays and vacations to the Clinic and Clinical Services in Port Newark," i.e., to plaintiff Fund. See Fier Aff., Exh. A. The 1979 Agreement was to continue for three years, ending August 31, 1982, but would be "automatically renewed from year to year unless written notification be given by either party ... at least sixty days prior to the expiration hereof, that changes in the agreement are de-

sired." See 1979 Agreement at ¶ 17, Fier Aff., Exh. A.

Carco's president, Alan S. Husak, claims that he notified the Fund, in a letter of May 6, 1981, that defendant intended to end its relationship with the Fund by the end of 1981 "due to the high cost of double coverage ...". Husak Aff., Exh. A. Subsequent conversations with plaintiff's representative allegedly resulted in "an Agreement" that Carco would end its relationship with the Fund on August 1, 1982. Husak Aff. at ¶ 8. Apparently, this "Agreement" was never memorialized in writing. By letter of August 10, 1981, Husak notified the union's president, Vincent Cuzzo, that Carco would withdraw from the medical plan as of August 1, 1982. See Husak Aff., Exh. B. Again, plaintiff neither presents evidence, nor alleges, that the medical fund or the union agreed to this withdrawal in writing.

The following year, in July 1982, the union submitted to defendant a proposed form of a collective bargaining agreement dated September 1, 1982 ("the 1982 Agreement"). This 1982 Agreement was "much the same" as the 1979 Agreement. Husak Aff. at ¶ 10. Defendant refused to sign it since it still included paragraph 16, requiring Carco to make payments to plaintiff Fund. Id. at ¶ 11. Neither plaintiff Fund, nor Carco claims that defendant ever signed the proposed 1982 Agreement.

Nonetheless, in August 1982, defendant did execute an "amendment to the 1979 Agreement" ("the 1982 Amendment"). Id. at ¶ 13. This document provides, in pertinent part, that "[T]he current Collective Bargaining Agreement between the undersigned employer and union is hereby extended ·for a period of three [3] years to and including August 31, 1985 except for the following changes ..." Fier Aff., Exh. B. The only "change" listed concerning medical coverage provides:

4. Blue. Cross/Blue Shield coverage shall be continued for all employees except that coverage for employees hired on or after 9/1/82 shall not begin until they have completed thirty (30) days of

employment with the employer within a four and one half (4½) month calendar period.

Likewise, such coverage shall continue for a period of thirty (30) days after the termination of employment of an employee for any reason.

*Id.* There is no mention of removing the medical coverage provided by payments to plaintiff Medical Fund.

However, Mr. Husak claims that he signed the 1982 Amendment only because the union president assured him that it would not obligate defendant to continue to make contributions to the Fund. *See* Husak Aff. at ¶ 13. He asserts further that he was under pressure to sign due to an "impending strike of the defendant's employees as a result of the unexecuted 1982 draft." *Id.*

Nevertheless, defendant made at least six payments to the Fund after executing the 1982 Amendment. Copies of these checks, dated September 1982 through February 1983, are appended to the Fund's moving papers. *See* Fier Aff., Exh. C. Defendant neither denies nor explains these payments.

In moving for summary judgment, the Fund asserts that the 1982 Amendment, on its face, incorporates the entire 1979 Agreement—including paragraph 16. Carco counters that it never executed the 1982 Agreement, and that it signed the 1982 Amendment under duress—the strike—and only because union representatives falsely represented that the Amendment removed the need for payments to the Fund. Thus, defendant argues that this 1982 Amendment is not a valid enforceable contract. In reply, plaintiff contends that both the parol evidence rule and national labor policy bar proof of these prior oral understandings.

## DISCUSSION

### I. The Parol Evidence Rule

The parol evidence rule bars the introduction of extrinsic evidence of prior or concurrent oral understandings to alter or contradict the terms of an unambiguous written agreement. *See, e.g., Zugelter v. Bank of America National Trust Fund and Savings Assoc.*, 728 F.2d 218, 220 (3d Cir.1984); Restatement (Second) of Contracts § 213(1) (1981). Defendant counters that parol evidence is nevertheless admissible to show that there was no valid agreement between the parties.

■ This argument is flawed in the context of this case because, in the collective bargaining setting, this exception to the parol evidence rule is extremely narrow. The Third Circuit in *Lewis v. Mears*, 297 F.2d 101, 104 (3d Cir.), *cert. denied*, 369 U.S. 873, 82 S.Ct. 1142, 8 L.Ed.2d 276 (1962), held that parol evidence was admissible to show that the written agreement to make payments into a welfare trust fund never became effective because it was not fully executed and delivered. Subsequently, courts in this circuit have emphasized that this exception only "permits an employer to show by parol evidence that no agreement *at all* was intended by the parties." *Huge v. Long's Hauling Co., Inc.*, 590 F.2d 457, 464 n. 8 (3d Cir.1978) (concurrence), *cert. denied*, 442 U.S. 918, 99 S.Ct. 2840, 61 L.Ed.2d 285 (1979) (emphasis added); *see also Lewis v. Seanor Coal Co.*, 382 F.2d 437, 443 (3d Cir.), *cert. denied*, 390 U.S. 947, 88 S.Ct. 1035, 19 L.Ed.2d 1137 (1968); *Local Union No. 1987, IBEW v. Control Products Co.*, 330 F.Supp. 250, 253 (W.D.Pa.1971), *aff'd*, 475 F.2d 1395 (3d Cir.1973) ("The only exception ... allows a party to establish that the collective bargaining agreement was never consummated or never came into existence because a condition precedent never occurred.").

■ Taking defendant's allegations as true and resolving all inferences, doubts and issues of credibility in its favor for purposes of this motion for summary judgment, *Smith v. Pittsburgh Gage and Supply Co.*, 464 F.2d 870, 874 (3d Cir.1972), we are unable to find that the evidence Carco offers fits within this narrow exception to the parol evidence rule. Both parties agree that the proposed 1982 Agreement remains unexecuted. Plaintiff, however, bases its

motion for summary judgment on the 1982 Amendment. And Carco nowhere alleges that this Amendment "never came into existence," *Control Products*, 330 F.Supp. at 253, or that "no agreement at all was intended," *Huge*, 590 F.2d at 464 n. 8. Instead, defendant seeks to prove prior oral understandings to show that the 1982 Amendment does not mean what it says.[1] This is precisely the type of evidence the parol evidence rule was designed to preclude; certainly it is barred in the context of collective bargaining.

## II. National Labor Policy and Oral Agreements

Section 302(c)(5) of the National Labor-Management Relations Act, 29 U.S.C. § 186(c)(5)(B) requires that the detailed basis upon which payments are to be made to a trust fund, such as plaintiff Fund, be specified in a written agreement with the employer. The Third Circuit has held that oral modifications of a written trust fund agreement specifying such payments are ineffective because they violate public policy as set forth in section 302(c)(5)(B). *Lewis v. Seanor Coal Co.*, 382 F.2d 437 (3d Cir.), *cert. denied*, 390 U.S. 947, 88 S.Ct. 1035, 19 L.Ed.2d 1137 (1968). At least one district court in this circuit has extended this principle to hold that prior oral understandings are also legally insufficient to defeat claims for unpaid contributions to a section 302 fund. *See Boyle v. North Atlantic Coal Corp.*, 331 F.Supp. 1107, 1108 (W.D.Pa.1971).

*Boyle* was cited approvingly by the Third Circuit in *Huge v. Long's Hauling Co.*, 590 F.2d 457, 459, 464 (3d Cir.), *cert. denied*, 442 U.S. 918, 99 S.Ct. 2840, 61 L.Ed.2d 285 (1979)—a case in which the court prevented the employer from raising an anti-trust defense against the trustee's request for a preliminary injunction. Indeed Judge Adams, concurring in *Huge*, explained that national labor policy has long prevented courts from considering the usual contract defenses to collective bargaining agreements. "[T]he courts have disallowed defenses sought to be interposed by employers to enforcement of the contract based on such grounds as failure to establish a different agreement, fraud, misrepresentation, and duress on the part of the union." *Id.* at 464. Judge Adams even recognized that the defendant in *Huge* was in a more appealing position than the typical employer trying to avoid its contractual duty to contribute to a pension fund because the defendant continued to make payments to a private fund. *Id.* at 465. Similarly, in this case, Carco apparently provides some form of medical coverage through Blue Cross/Blue Shield in addition to the coverage from plaintiff Medical Fund. Nonetheless, the judge determined that the situation did not justify a departure from a rule barring employer defenses of a side agreement to suits by pension funds. *Id.*[2]

■ We find this reasoning equally applicable to section 302 medical funds established under collective bargaining agreements. The present case is analogous to the situations found in *Boyle* and *Huge*. Defendant asks this Court to consider prior oral understandings as a defense to a written collective bargaining agreement—an agreement which apparently has been ratified by at least six payments to plaintiff Fund. The case law is clear: Carco's assertions of misrepresentation and duress are legally insufficient to defeat plaintiff's claims for payment in light of the national labor policy embodied in section 302(c) of

---

1. To the extent Carco also alleges that the strike constituted duress, we find that resolution of this issue is unnecessary to our decision because defendant barred this defense when it ratified the contract by making six payments after its execution. *See Boyle v. North Atlantic Coal Corporation*, 331 F.Supp. 1107, 1108 (W.D.Pa.1971).

2. The cases defendant cites in opposition are either inapposite or offer scant support for its position: *Hamilton Foundry v. International Moulders and Foundry Workers*, 193 F.2d 209 (6th Cir.), *cert. denied*, 343 U.S. 966, 72 S.Ct. 1060, 96 L.Ed. 1363 (1952), concerns section 158 rather than section 186; the court in *Lewis v. Lowry*, 322 F.2d 453 (4th Cir.1963), declined to decide whether oral agreements were permissible; and in *Lewis v. Coleman*, 257 F.Supp. 38 (W.D.Va.1966), the court found the issue of oral understandings unsettled.

the Labor-Management Relations Act, 29 U.S.C. § 186(c).

Accordingly, we find that Carco is barred from proof of its defenses by both the parol evidence rule and national labor policy. Thus, finding no further issues of material fact, we grant summary judgment in favor of plaintiff on its claim for damages.

### III. Attorney's Fees and Interest

■ When judgment for delinquent employer payments is awarded on behalf of an employee benefit plan, section 1132 of Title 29 provides:

> the court *shall* award the plan—
>
> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of—
>
>   (i) interest on the unpaid contributions, or
>
>   (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent ... of the amount determined by the court under subparagraph (A),
>
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, *and*
>
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g) (emphasis added). Thus, attorney's fees and double interest are mandatory in the present case where judgment has been awarded on behalf of the plaintiff Fund. Accordingly, we grant plaintiff's motion on this matter.