J-A18038-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | |
|---|---|
| HERCULES PAINTING COMPANY, INC., MARIA SAVAKIS, AND GEORGE SAVAKIS | : IN THE SUPERIOR COURT OF<br>: PENNSYLVANIA<br>:<br>: |
| v. | :<br>:<br>: |
| STAVRO N. SEMANDERES, A/K/A STAVROS SEMANDERES AND STAVROS N. SEMANDERES, HELENE SEMANDERES, ODYSSEY PAINTING COMPANY, INC., HOUSTON INDUSTRIAL CORPORATION | : No. 65 WDA 2020<br>:<br>:<br>:<br>:<br>: |
| Appellants | : |

Appeal from the Judgment Entered January 2, 2020
In the Court of Common Pleas of Washington County Civil Division at
No(s): 2017-5544

BEFORE: BENDER, P.J.E., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.: FILED JANUARY 11, 2021

Appellants Stavro N. Semanderes, a/k/a Stavros Semanderes and Starvos N. Semanderes, Helene Semanderes, Odyssey Painting Company, Inc., and Houston Industrial Corporation appeal from the judgments entered against Appellants and in favor of Appellees Hercules Painting Company, Maria Savakis, and George Savakis. Appellants contend that the trial court erred in failing to consider whether Appellees' breach of a joint venture and other promises constituted a meritorious defense to the entry of judgments by confession. We affirm.

On August 18, 2014, Appellants and Appellees executed a promissory note, the relevant terms of which were as follows:

FOR VALUE RECEIVED, the Undersigned [Appellants] promise to pay to the order of [Appellees] Maria Savakis and George Savakis, of [address omitted], and [Appellee] Hercules Painting Company, Inc., of [address omitted], ("Payee"), at such place as the holder hereof may from time to time designate in writing, the principal sum of Seven Hundred Eighty Thousand Dollars ($780,000.00) or so much thereof as shall equal the unpaid principal outstanding with interest as hereinafter provided to be paid in lawful money of the United States of America, as follows:

From the dates following of the advances and including the Maturity Date, interest shall accrue under this Note at a rate equal to eight percent (8%) per annum. All interest rates hereunder shall be calculated on a 365/366-day simple interest basis.

The advances consisted of the following:

$250,000.00 on March 3, 2014 (written in a personal check from [Appellees] George and Maria Savakis, shareholder of the Payee, to [Appellant] Stavros Semanderes),

$250,000.00 on March 13, 2014 (written in a personal check from [Appellees] George and Maria Savakis, shareholder of the Payee, to [Appellant] Stavros Semanderes),

$150,000.00 on April 10, 2014 (written in a personal check from [Appellees] George and Maria Savakis, shareholder of the Payee, to [Appellant] Stavros Semanderes),

$130,000.00 on August 18, 2014, (written in a personal check from George and Maria Savakis, shareholder of the Payee, to Odyssey Contracting).

The entire amount the principal and all accrued interest shall be due and payable no later than December 31, 2014.

\* \* \*

Upon default, the Undersigned hereby authorizes and empowers any attorney of any court of record within the United States of America or elsewhere to appear for the Undersigned and, with or

without declaration filed, confess judgment or judgments against the Undersigned in favor of the Payee, or other holder thereof, as of any term, for the above principal sum remaining unpaid, interest thereon, and any other sums due by the Undersigned with release of all errors and the right to issue execution forthwith upon default as aforesaid.

\*     \*     \*

The obligations and liabilities of the Undersigned, including without limitation the warrant to confess judgments, shall bind them and their heirs, legal representatives, successors amid assigns, and such obligations and liabilities shall be their joint and several undertaking, and the benefits hereof shall inure to the Payees and their heirs and assigns.     The Undersigned acknowledge that although the proceeds of the loans which are the subject of this Note were issued to [Appellant] Stavros Semanderes also known as Stavo N. Semanderes and Stavros N. Semanderes and Odyssey Contracting, the Holders issued the loan proceeds for the benefit of all of the Undersigned and based on the promise of all of the Undersigned that they would be jointly and severally liable to the Holders for the principal debt, all interest accruing thereon and all ancillary obligations as set forth in this note.

Promissory Judgment Note, 8/18/14 at 1-2 (unpaginated).  Appellants Stavro N. Semanderes and Helene Semanderes signed the note both as individuals, and as officers of Appellants Odyssey Painting Company, Inc., and Houston Industrial Corporation, as well as the entity referred to in the note as "Odyssey Contracting."

On October 24, 2017, Appellees filed a "Complaint in Confession of Judgment" against Appellants.  Appellees asserted that Appellants failed to pay on December 31, 2014, as required by the note and after Appellees sent demand letters.  Appellees sought a judgment for $1,227,123.83.  The docket does not reflect that the prothonotary of the court entered judgments by

confession. See Pa.R.C.P. 2956. However, on December 8, 2017, Appellees served Appellants with notices pursuant to Pa.R.C.P. 2958.1, which governs notice of judgments by confession prior to execution.

On December 13, 2017, Appellants filed a "Petition to Strike and/or Open Judgment by Confession." Appellants, in part, challenged the amount sought by Appellees. See Pet. to Open, 12/13/17, at "Count 1" to "Count 4." Of relevance to this appeal, Appellants alleged in "Count 5" of their petition that Appellees "breached their obligations to [Appellants] by breaching [a] joint venture agreement and by failing to provide financing as agreed to between the parties." Id. at ¶ 61. In support, Appellants initially noted that Appellees did not seek a judgment by confession against Odyssey Contracting and that Odyssey Contracting was involved in a pending bankruptcy action. Id. at ¶ 5. Appellants continued that in 2015, Odyssey Contracting and Appellee Hercules Painting Company "had engaged in discussion regarding the formation of a joint venture to obtain work related to bridge painting." Id. at ¶ 10. As a result of those discussions, "the parties orally agreed to engage in a joint venture" and that the profits from certain projects would be split 60% to Appellee Hercules Painting Company and 40% to Odyssey Contracting. Id. at ¶¶ 10, 12. According to Appellants, a dispute arose in the alleged joint venture, and Odyssey Contracting sued Hercules Painting Company.[1]

_____

[1] The civil action by Odyssey Contracting against Hercules Painting was commenced in the Court of Common Pleas of Washington County. The action was later removed to a federal district court.

Appellants asserted that Appellees sought the judgments by confessions "to pressure [Appellants] into withdrawing their meritorious claims [in the action between Odyssey Contracting and Appellee Hercules Painting Company]." Id. at ¶ 34.

Additionally, Appellants alleged that the purpose of the note was to provide Appellants with financing during unrelated litigation between Odyssey Contracting and "L&L Painting." Id. at ¶¶ 35, 38. Appellants claimed that "despite [Appellees'] promise to continue to provide the financing necessary to Odyssey Contracting during the pendency of its action against L&L, [Appellees] stopped providing such financing to [Appellants]." Id. at ¶ 39. Appellants concluded, "[a]s such, [Appellees] in fact breached the parties' agreement." Id. at ¶ 40. Appellants further claimed that "but for [Appellees'] breach, [Appellants] would be fully able to pay any amount outstanding on the loan." Id. at ¶ 64. Appellant concluded that Appellees' breach of the joint venture agreement and its promise to provide financing during the L&L litigation precluded Appellees from enforcing the note. Id. at ¶ 62.

On February 15, 2018, the trial court entered an order to show cause why Appellants were not entitled to relief. The February 15, 2018 order required Appellees to file an answer to Appellants' petition, permitted discovery, and established a schedule for the filing of briefs.

On April 6, 2018, Appellees filed an "Answer and New Matter to Petition to Strike and/or Open Judgment by Confession." Appellees denied the existence of a joint venture between Odyssey Contracting and Appellee

Hercules Painting Company and any promise to continuing funding Appellants and Odyssey Contracting during the L&L litigation. Answer & New Matter, 4/6/18, at ¶¶ 10, 39. Appellees emphasized that Odyssey Contracting was not a party to the judgments by confession action. Appellees further noted that any dispute between Odyssey Contracting and Appellee Hercules Painting Company did not affect the action for judgments by confession because Appellants were jointly and severally liable under the note. In sum, Appellees asserted that Appellants failed to show "any obligations between [Appellants and Appellees] outside of the Note" and therefore failed to state a meritorious defense to the action for judgments by confession. Id. at ¶¶ 63, 74.

Appellants filed a reply to Appellees' new matter, and Appellants and Appellees submitted briefs that referenced depositions and other materials, many of which came from the separate suit between Odyssey Contracting and Appellee Hercules Painting Company. The trial court scheduled oral arguments for November 20, 2018.[2]

On March 5, 2019, the trial court entered a memorandum and order. The trial court's memorandum indicated that the trial court granted Appellants' petition "in part." Mem. & Order, 3/5/19, at 1. The trial court mentioned that Appellant raised several grounds for opening or striking the judgments by confession, including Appellants' claim that Appellees breached agreements with Appellants. Id. at 2. However, the trial court's memorandum and order

_____

[2] The record does not contain a transcript of the oral arguments.

- 6 -

only discussed Appellants' challenge to the amount in dispute, finding that there was a meritorious claim for offset based on Appellants' allegations that they made payments on the note. Id. at 3-4. The trial court concluded, "as there [was] a timely petition to open, the petition exhibit[ed] a meritorious defense of offset, and the petition produc[ed] sufficient evidence to submit the issue to the jury, the matter shall be opened." Id. The order accompanying the memorandum stated that "[t]he confessed judgment shall be opened [and t]he execution of the judgment shall be stayed pending a determination[.]" Id. at 5.

On May 6, 2019, Appellees filed a "Motion to Amend Amount of Judgment or in the Alternative for Summary Judgment." Appellees claimed that "the underlying cause of action to the Confessed Judgment has not changed." Mot. to Amend or Summ. J., 5/6/19, at ¶ 33. Appellees continued:

> It has been and remains breach of contract based upon [Appellants'] admitted default under the Promissory Note. The only thing remaining for a determination is whether the amount due included the application of [Appellants'] payment of $50,000. At this point [Appellees] are not disputing this payment and consent to a reduction in the amount of $50,000.

Id. Similarly, Appellees claimed that there were no genuine issues of fact remaining because they consented to the offset of $50,000. Id. at ¶¶ 39-40.

Appellants filed a "Response in Opposition to [Appellees'] Motion to Amend Amount of Judgment or, in the Alternative for Summary Judgment" on May 29, 2019. Appellants asserted that the trial court opened the confessed judgments as a whole and that there remained issues of fact based on the

alleged breach of the joint venture agreement and Appellants' claims that Appellees were "over charging" Appellants.

On December 5, 2019, the trial court entered an order granting, in part, and denying, in part, Appellees' motion for summary judgment. The trial court stated that its March 5, 2019 order "opened the judgment for the purpose of addressing a single issue as to the amount due as a result of [Appellants'] default." Order, 12/5/19, at ¶ 1. The trial court also concluded that "the record . . . is not so clear and free from doubt to establish the amount of work expended by [Appellees'] Counsel to permit a per se recovery of $78,000.00 in attorney's fees." Id. at ¶ 4. The trial court scheduled a non-jury proceeding for February 25, 2020 "to determine the sole remaining issue" of the "proper calculation of the attorney's commission in this matter." Id. at ¶ 6.

On December 17, 2019, Appellees filed a "Motion for Entry of Judgment for Sum Certain," asserting that Appellees decided not to contest the disputed attorney's fees identified in the trial court's December 5, 2019 order. Appellees requested the entry of judgments in their favor for $1,082,704.65. The trial court granted Appellees' motion on December 30, 2019, directed that judgments be entered in favor of Appellees, and cancelled the scheduled hearing. Appellees also filed a praecipe for entry of judgments, and the judgments against Appellants were docketed on January 2, 2020.

Appellants timely filed a notice of appeal on January 10, 2020, and complied with the trial court's order to file and serve a Pa.R.A.P. 1925(b)

statement of errors complained of on appeal. The trial court did not file a Rule 1925(a) opinion.

Appellants present the following questions for review:

1. Did the Appellants' assertion, that the Appellees breached a joint venture agreement, constitute a meritorious defense to the confessed judgment?

2. Did the [trial c]ourt err in its failure to address this issue?

3. Did the Appellants submit sufficient evidence of the breach to require submission of this issue to a jury?

Appellants' Brief at 8.

We summarize Appellants' arguments together as they are related to their claims that Appellees' breach of joint venture agreement constituted a meritorious defense to the entry of the judgments by confession. Appellants begin by reciting the standard of review applicable to a petition to open a judgment in confession. Id. at 6-7. Appellants then assert "that a material breach relieves the non-breaching party from any continuing duty of performance under the contract." Id. at 17 (citing, for example, LJL Transp., Inc. v. Pilot Air Freight Corp., 962 A.2d 639, 648 (Pa. 2009), and McCausland v. Wagner, 78 A.3d 1093, 1101 (Pa. Super. 2013)). Appellants, therefore, claim that a material breach may constitute a meritorious defense to open a judgment. Id. at 17-18. Additionally, citing Fountain Hill Millwork Bldg. Supply Co. v. Belzel, 587 A.2d 757 (Pa. Super. 1991), Appellants discuss the opening of a judgment in confession

based on parol evidence of an oral agreement outside a written agreement. Id. at 18.

Appellants further assert that they presented sufficient evidence of Appellees' breach of the agreement. Appellants emphasize that a party seeking to open a judgment based on a meritorious defense "is not required to prove that . . . he will win at trial," but is "only required to establish that his evidence creates an issue for the jury." Id. at 22. According to Appellants, they provided sufficient evidence that a joint venture existed between Odyssey Contracting and Appellee Hercules Painting Company and that Appellees breached the joint venture agreement by failing to pay Odyssey Contracting. Id. at 23-24. Appellants insist that "Odyssey [Contracting] would have repaid the loan" under the note if Hercules Painting Company paid Odyssey Contracting for the joint venture. Id. at 24.

Lastly, Appellants assert that the trial court "wholly failed to address [Appellants'] contention that [Appellees] breached the joint venture agreement." Id. at 19-21. Appellants claim that the trial court's failure to consider a meritorious defense constituted reversible error. Id. at 21.

Appellees respond that Appellants did not allege that Appellees breached the terms of the note and did not raise affirmative defenses, such as fraud or accord and satisfaction, to the action to enter judgments in confession. Appellees' Brief at 14. Appellees argue that Appellants instead rely on an alleged breach of an agreement that is "completely separate and unrelated to the Note." Id. Appellees contend that the cases cited by Appellants are

distinguishable because those cases involved a material breach that excused non-performance in the same contract. Id. at 16-17. Appellees claim that "[t]here is no authority to support the position advanced by [Appellants] that the breach of a separate, unrelated contract—even if between the same parties (which is not the case here)—constitutes a meritorious defense to a confession of judgment claim." Id. at 14-15. Appellees assert that "the alleged joint venture agreement is a collateral matter, the performance of which simply has no bearing on this case." Id. at 18.

Appellees further argue that the trial court acknowledged Appellants' claim that Appellees' breach of the joint venture agreement constituted a meritorious defense. Id. at 19. Appellees suggest that the trial court "clearly addressed and denied by implication" Appellants' claim, but "apparently found the argument too specious to even address." Id. at 20. Appellees conclude: "Given the absence of any facts in the record providing even the remotest linkage between the Note and purported joint venture agreement, the [t]rial [c]ourt did not abuse its discretion in refusing to open the confessed judgment on that basis." Id.

Before addressing the arguments in this appeal, we initially consider two procedural irregularities leading to the entry of the January 2, 2020 judgment against Appellants. First, Appellants consistently sought to open and/or strike a judgment and argue on appeal that the trial court erred in failing to consider meritorious defenses. However, the trial court's prothonotary did not enter judgments based on Appellees' October 24, 2017 complaint. Therefore,

despite Appellants' attempts to open judgments and the trial court's orders opening the judgment for further proceedings, there were no formal judgments to open until the actual entry of the judgments on January 2, 2020.

Second, there is no indication that the trial court expressly addressed Appellants' claim that Appellees' breach of a joint venture agreement between Odyssey Contraction and Appellee Hercules Painting Company constituted a meritorious defense to the enforcement of the note. Furthermore, Appellees' suggestion that the trial court found this claim "too specious to even address," see Appellees' Brief at 20, does not excuse the trial court from complying with its obligation to explain its rejection of a party's claim either when denying the claim or in a Rule 1925(a) opinion. We specifically disapprove of the trial court's apparent decision not to explain its decision. See generally Commonwealth v. Parrish, 224 A.3d 682, 692 (Pa. 2020) (noting that "[t]he . . . purpose of Pa.R.A.P. 1925(a) is to facilitate appellate review of a particular trial court order. Additionally . . . the rule fulfills an important policy consideration by providing to disputing parties, as well as to the public at large, the legal basis for a judicial decision" (citation omitted)).

Notwithstanding these irregularities, our ability to conduct appellate review is not affected. First, Appellants urge the use of the standard of review applicable to the denial of a petition to open judgments by confession, see Appellants' Brief at 6-7, and we will apply that standard in this appeal. Second, as discussed herein, Appellants' claims regarding Appellees' material breach as a meritorious defense are determinable as a matter of law based on

the record, in particular, the note. Accordingly, we proceed to consider the merits of the arguments in this appeal.

This Court summarized the principles governing our review as follows:

> Rules 2950 to 2967 of the Pennsylvania Rules of Civil Procedure govern confessions of judgment for money. A confession of judgment "action" under these rules is distinctly defined as "a proceeding to enter a judgment by confession for money pursuant to an instrument . . . authorizing such confession." Rule 2952 expressly authorizes the practice of allowing a party to file a complaint in confession of judgment without either a notice to defend or a notice to plead, and no responsive pleading is required (even if the complaint has a notice to defend or is endorsed with a notice to plead). The rules requiring and establishing the form of notices to defend and to plead in ordinary civil complaints do not apply to actions for confession of judgment. Instead, "A confession of judgment clause 'permits the creditor or its attorney simply to apply to the court for judgment against the debtor in default without requiring or permitting the debtor . . .' to respond at that juncture." Because the creditor is entitled to file the complaint and enter judgment against the debtor without any appearance or response from the debtor, Pennsylvania's initial procedure for confessing judgments lacks "the hallmarks of an adversary proceeding" until the debtor files a petition to strike off or open the judgment. Nevertheless, "[t]he record of the entry of a judgment by the prothonotary under a power contained in the instrument is a record of the court, and it has all the qualities of a judgment on a verdict."
>
> Generally, notice and service of a confessed judgment to the debtor is contemporaneous with the entry of the judgment against the debtor. "The prothonotary shall note in the docket the giving of notice and, when a judgment by confession is entered, the mailing of the required notice and documents."
>
> Following a confession of judgment, the debtor can choose to litigate the judgment by filing a petition in compliance with Rule 2959. The debtor must raise all grounds for relief

(to strike off or open) in a single petition, which can be filed in the county where the judgment was originally entered or in any county where the judgment has been transferred. A party waives all defenses and objections which are not included in the petition or answer.

"[W]e review the order denying Appellant's petition to open the confessed judgment for an abuse of discretion."

Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason.

The trial court may open a confessed judgment "if the petitioner (1) acts promptly, (2) alleges a meritorious defense, and (3) can produce sufficient evidence to require submission of the case to a jury." Generally, the court will dispose of the rule on petition and answer, along with other discovery and admissions.

Neducsin v. Caplan, 121 A.3d 498, 505-06 (Pa. Super. 2015) (citations omitted) (emphasis in original).

Moreover, it is well settled that:

Contract construction and interpretation is generally a question of law for the court to decide.

A contract's language is unambiguous if it can be determined without any other guide than knowledge of the simple facts on which its meaning depends. When the contract is clear and unambiguous, the meaning of the contract is ascertained from the writing alone. . . .

"Whether a judge has correctly interpreted a writing and properly determined the legal duties which arise therefrom is a question of law for the appellate court." The legal effect or enforceability of a contact provision presents a question of law accorded full appellate review and is not limited to an abuse of discretion standard.

"Absent fraud or unconscionability, courts should not set aside terms on which sophisticated parties agreed."

Pops PCE TT, LP v. R & R Rest. Grp., LLC., 208 A.3d 79, 87 (Pa. Super. 2019) (citations omitted) (some formatting altered), appeal denied, 223 A.3d 656 (Pa. 2020).

> Pennsylvania Courts have long held that:
>
> Where the parties without any fraud or mistake, have deliberately put their engagements in writing, the law declares the writing to be not only the best, but the only evidence of their agreement. All preliminary negotiations, conversations, and verbal agreements are merged in and superceded by the subsequent written contract . . . and unless fraud, accident, or mistake be averred, the writing constitutes the agreement between the parties and its terms cannot be added to nor subtracted from by parol evidence.

Belzel, 587 A.2d at 760 (citation omitted). However, the rule barring the admission of parol evidence "has no application to a writing which does not state fully the entire agreement among the parties." Id. at 761 (holding that parol evidence was admissible where a "slip of paper" did not state the parties' full agreement, noting that the writing did not constitute a valid contract given its failure to provide for consideration, and that there were questions of fact as to whether the written contract "c[a]me into existence").

Instantly, the terms of the note are clear. Appellees paid Appellants and Odyssey Contracting four advances between March and August 2014. See Note at 1 (indicating the accrual of interest on the four advances). The note constituted Appellants' promise to repay the $780,000 in principal, as well as interest. Id. (stating "FOR VALUE RECEIVED, [Appellants] promise to pay . . . the principal sum of Seven Hundred Eighty Thousand Dollars

($780,000.00) . . . with interest . . . .). The note defined Appellants' obligation to pay by December 31, 2014. Id. (stating "[t]he entire amount the principal and all accrued interest shall be due and payable no later than December 31, 2014"). The note also contained a judgment by confession provision, the validity of which Appellants have not contested. Id. at 1-2. Appellants' obligations under the note were joint and several. Id. at 2.

Unlike LJL Tansp. and other cases cited by Appellants' for the proposition that a material breach may excuse their failure to pay, Appellants here did not allege or cite any evidence that Appellees failed to perform on any obligation under the note. See LJL Transp., 962 A.2d at 642-643, 652 (concluding that a franchisee materially breached a franchise agreement by diverting shipments to the franchisor's competition and that the breach permitted the franchisor to terminate the contract without permitting the franchisee recourse to a cure provision under the franchise agreement); McCausland, 78 A.3d at 1097-98, 1105-06 (concluding that a lessor in an oil and gas lease was entitled to enforce a forfeiture clause in the lease based on the lessee's breach by failure to pay royalties and notwithstanding a settlement agreement between the lessor and lessee regarding the amount of the royalties). Instead, Appellants fixed their defense on alleged breach based a different contract, namely, the joint venture agreement, not the note.

As to Appellants' reliance on the alleged breach of the joint venture agreement between Odyssey Contracting and Appellee Hercules Painting Corporation, a reading of the note reveals no conditions on Appellees' rights

to use the judgment by confession provision upon a default. See id. at 1-2. The parties have not argued that the note is ambiguous or incomplete. Therefore, Appellants' suggestion that they established a basis to admit parol evidence of the intent of the parties when agreeing to the note lacks merit. See Belzel, 587 A.2d at 760-61. Furthermore, although Appellants' pled and presented evidence of a joint venture agreement between Odyssey Contracting and Appellee Hercules Painting Company, Appellants failed to cite any evidence, written or otherwise, that the joint venture agreement, if it existed, modified the terms of the note. In sum, Appellants' failed to allege or establish a basis for a jury to conclude that Appellees' breach of the joint venture agreement constituted a material breach with respect to the note.

For these reasons, we conclude that Appellants' reliance on Appellees' alleged breach of the joint venture agreement did not establish a meritorious defense to the entry of a judgment by confession based on the note. Although we are dismayed that the trial court did not address this argument in its prior orders or a Rule 1925(a) decision, we cannot conclude that the failure to do so constituted reversible error.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>1/11/2020</u>